UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LASHAWNA LANE-MURRAY, as Independent Administrator of the Estate of SYDNI MURRAY, deceased, <br><br> Plaintiff, <br><br> v. <br><br> JIMMY PAYTON, TANGY BOWMAN, JACEK KULESZA, & UNITED STATES POSTAL SERVICE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) NO: ) ) ) ) ) ) ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, LASHAWNA LANE-MURRAY, as Independent Administrator of the Estate of SYDNI MURRAY, deceased, by and through her attorneys, KARCHMAR & LAMBERT, P.C., and complaining of the Defendants, JIMMY PAYTON, TANGY BOWMAN, JACEK KULESZA, and UNITED STATES POSTAL SERVICE, by stating the following:

### PARTIES

1. Independent Administrator LaShawna Lane-Murray, the wife of Sydni Murray, deceased, is and at all relevant times was a citizen of the United States, and a resident of Chicago, Illinois, County of Cook.

2. Sydni Murray, deceased, was at all relevant times a citizen of the United States and a resident of Chicago, Illinois, County of Cook.

3. On information and belief, Defendant, Jimmy Payton, is and at all relevant times was a citizen of the United States and a resident of Chicago, Illinois, County of Cook.

4. On information and belief, Defendant, Tangy Bowman, is and at all relevant times was a citizen of the United States and a resident of Chicago, Illinois, County of Cook.

5. On information and belief, Defendant, Jacek Kulesza, is and at all relevant times was a citizen of the United States and a resident of Huntley, Illinois and was the employee and/or agent of Defendant, United States Postal Services which, in turn was his employer and/or principal.

6. Defendant, United States Postal Service (hereinafter referred to as "USPS"), at all relevant times was and is an agency of the United States of America and was the employer and/or principal of Defendant, Jacek Kulesza, who was its employee and/or agent.

## JURISDICTION AND VENUE

7. A. This court has jurisdiction over this matter pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

   B. Venue is appropriate in the Northern District of Illinois Eastern Division pursuant to 28 U.S.C. § 1391 (b)(2) as the acts complained of arose, in Chicago Illinois, Cook County Illinois.

   C. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Illinois and seeks recovery as allowed by law..

## FACTS

8. On or about July 16, 2016, and at all relevant times, Plaintiff's Decedent, Sydni Murray, was a passenger in the vehicle operated, maintained, and controlled by Defendant, Jimmy Payton, in a northbound direction on Independence St. near the intersection of Congress Parkway in Chicago, Illinois.

9. At all relevant times, including at the time of the collision in which Plaintiff's Decedent, Sydni Murray, died Defendant, Jimmy Payton, was intoxicated.

10. That on July 16, 2016 and at all relevant times, the vehicle driven by Defendant, Jimmy Payton, was owned by Defendant Tangy Bowman.

11. On or about July 16, 2016, and at the relevant time, Defendant, Jacek Kulesza, operated, maintained, and controlled a truck in a Westbound direction on Congress Parkway near the intersection of Independence St. in Chicago, Illinois, and failed to stop at a red light traffic control which controlled his course of traffic, and struck the vehicle in which Plaintiff's Decedent, Sydni Murray, was a passenger thereby killing Decedent Murray.

12. That on July 16, 2016, and at all relevant times, the truck driven by Defendant, Kulesza, was owned by the United States Postal Service.

13. At all relevant times, Decedent, Sydni Murray, exercised ordinary care for his own safety and the safety of others, including all Defendants.

## COUNT I
## NEGLIGENCE, DEFENDANT JIMMY PAYTON

14. At all relevant times, it was the duty of the Defendant, Jimmy Payton, to refrain from careless and negligent conduct against others, including decedent, Sydni Murray.

15. The aforementioned duty included, but was not limited to Defendant, Jimmy Payton's, duty to exercise reasonable care in the operation, maintenance, control, and driving of the vehicle he drove and which was involved in this collision.

16. The aforementioned duty included, but was not limited to Defendant, Jimmy Payton's, duty to remain sober at all times that he operated a motor vehicle in an effort to avoid a collision.

17. The aforementioned duty included, but was not limited to Defendant, Jimmy Payton's, duty to avoid operating a motor vehicle while intoxicated so as avoid a collision.

18. Notwithstanding said duties, Defendant, Jimmy Payton, committed one or more of the following careless and/or negligent acts and/or omissions thereby breaching his duties in one or more of the following respects:

    A. Carelessly and negligently operated said vehicle
       In a manner wherein he failed to avoid a collision;

B. Carelessly and negligently operated, maintained, and/or controlled the vehicle he was driving and which was involved in this incident;

C. Carelessly and negligently operated, maintained, and/or controlled the vehicle he was driving and which was involved in this incident in a manner allowing it to strike or be struck by Defendant, Jacek Kulesza's, vehicle;

D. Carelessly and negligently failed to give audible warning with the horn of the vehicle he was driving and which was involved in this incident when such warning was reasonably necessary to ensure safety in violation of 625 ILCS 5/12-601;

E. Carelessly and negligently operated the vehicle he was driving and which was involved in this incident while in an intoxicated state;

F. Carelessly and negligently failed to reduce the speed of the vehicle he was driving and which was involved in this incident so as to avoid a collision;

G. Carelessly and negligently failed to adequately inspect, look over, maintenance, evaluate, repair and/or inquire about the condition of the vehicle he was driving and which was involved in this incident prior to allowing its use on a public thoroughfare;

H. Carelessly and negligently failed to insure and/or verify that the vehicle he was driving and which was involved in this incident was free of defective conditions and/or was in a safe and fit condition for travel prior to and at the time of this incident;

I. Carelessly and negligently operated a motor vehicle without keeping a proper and sufficient lookout;

J. Operated his motor vehicle while under the influence of alcohol, in violation 625 ILCS 5/11-501.

19. That as a direct and proximate result of one or more of the aforesaid negligent and/or careless acts or omissions by Defendant, Jimmy Payton, Plaintiff's Decedent, Sydni Murray, was then and there fatally injured on or about July 16, 2016.

20. That as a further direct and proximate result of one or more of the aforesaid negligent and/or careless acts and/or omissions by Defendant, Jimmy Payton, Plaintiff's Decedent, Sydni Murray's, next of kin have suffered general damages as well as great losses of a pecuniary and personal nature including loss of society and loss of companionship among other damages, subjecting Defendant, Jimmy Payton, to liability pursuant to, among other things, the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 740 ILCS 180.1-2, commonly referred to as the Illinois Wrongful Death Act.

21. WHEREFORE, Plaintiff LaShawna Lane-Murray, as Independent Administrator of the Estate of Sydni Murray, deceased, prays for judgment against the Defendant, Jimmy Payton, in a dollar amount in excess of this Court's jurisdictional limits and for such additional monies as the jury and the Court shall deem proper. Plaintiff further prays for all recoverable costs.

## COUNT II
### SURVIVAL ACTION- JIMMY PAYTON

22. Plaintiff, realleges Paragraphs 1 through 21 of her complaint as and for Paragraph 22 of this Count II as though fully set forth herein.

23. That as a direct and proximate result of one or more of the aforesaid careless and/or negligent acts and/or omissions of Defendant, Jimmy Payton, the Plaintiff-Decedent was caused to experience extreme and severe pain and physical and emotional suffering prior to his death, and the estate sustained medical expenses and/or hospital expenses, burial expenses and has been deprived of wage earnings to be generated by Sydni Murray. Additionally, Plaintiff's Decedent, Sydni Murray's, next of kin have suffered general damages as well as great losses of a pecuniary and personal nature including loss of society and loss of companionship among other damages.

WHEREFORE, Plaintiff LaShawna Lane-Murray, as Independent Administrator of the Estate of Sydni Murray, Deceased, prays for judgment against the Defendant, Jimmy Payton, in a dollar amount in excess of this Court's jurisdictional limits and for such additional monies as the jury and the Court shall deem proper. Plaintiff further prays for all recoverable costs.

## COUNT III
## NEGLIGENT ENTRUSTMENT, DEFENDANT TANGY BOWMAN

24. Plaintiff re-alleges Paragraphs 1 through 13 of the General Allegations of the Complaint as and for this paragraph and Count as though fully set forth herein.

25. That on or before July 16, 2016, the Defendant, Tangy Bowman, entrusted the Defendant, Jimmy Payton, with a 2004 Jeep Cherokee.

26. That Defendant, Tangy Bowman, knew of should have known that the Defendant, Jimmy Payton, was incompetent, inexperienced, or would operate the vehicle referenced above in an incompetent manner.

27. That at all times relevant hereto, Defendant, Tangy Bowman, owed to Plaintiff's Decedent and the general public a duty to exercise reasonable care in entrusting her motor vehicle only to persons who were competent to drive the same.

28. That the Defendant, Tangy Bowman, notwithstanding said duty, was guilty of one or more of the following wrongful acts:

   A. Carelessly and negligently entrusted the vehicle reference above to Defendant, Jimmy Payton, when she knew or should have known that Jimmy Payton was or was likely to become intoxicated while operating the vehicle referenced above.

   B. Was otherwise careless and negligent in the entrustment of the vehicle reference above to Defendant, Jimmy Payton.

29. That on July 16, 2016, Plaintiff's Decedent, Sydni Murray, was killed while a passenger in the vehicle driven by Defendant, Jimmy Payton.

30. That as a direct and proximate result of Defendant, Tangy Bowman's, negligent entrustment of the vehicle referenced above, Plaintiff's Decedent, Sydni Murray, was then and there fatally injured on or about July 16, 2016.

31. That as a further direct and proximate result of one or more of the aforesaid negligent and/or careless acts and/or omissions by Defendant, Tangy Bowman, Plaintiff's Decedent, Sydni Murray's, next of kin have suffered general damages as well as great losses of a pecuniary and personal nature including loss of society and loss of companionship among other damages, subjecting Defendant, Tangy Bowman, to liability pursuant to, among other things, the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 740 ILCS 180.1-2, commonly referred to as the Illinois Wrongful Death Act.

32. WHEREFORE, Plaintiff LaShawna Lane-Murray, as Independent Administrator of the Estate of Sydni Murray, deceased, prays for judgment against the Defendant, Tangy Bowman, in a dollar amount in excess of this Court's jurisdictional limits and for such additional monies as the jury and the Court shall deem proper. Plaintiff further prays for all recoverable costs.

### COUNT IV

### SURVIVAL ACTION- TANGY BOWMAN

33. Plaintiff, realleges Paragraphs 1 through 13 and 24 through 32 of her complaint as and for Paragraph 33 of this Count IV as though fully set forth herein.

34. That as a direct and proximate result of one or more of the aforesaid careless and/or negligent acts and/or omissions of Defendant, Tangy Bowman, the Plaintiff-Decedent was caused to experience extreme and severe pain and physical and emotional suffering prior to his death, and the estate sustained medical expenses and/or hospital expenses, burial expenses and has been deprived of wage earnings to be generated by Sydni Murray. Additionally, Plaintiff's Decedent, Sydni Murray's, next of kin have suffered general damages as well as great losses of a pecuniary and personal nature including loss of society and loss of companionship among other damages.

WHEREFORE, Plaintiff LaShawna Lane-Murray, as Independent Administrator of the Estate of Sydni Murray, Deceased, prays for judgment against the Defendant, Tangy Bowman, in a dollar amount in excess of this Court's jurisdictional limits and for such additional monies as the jury and the Court shall deem proper. Plaintiff further prays for all recoverable costs.

### COUNT V

### NEGLIGENCE, DEFENDANT, JACEK KULESZA

35. Plaintiff re-alleges Paragraphs 1 through 26 of the General Allegations of the Complaint as and for this paragraph and Count as though fully set forth herein.

36. At all relevant times, it was the duty of the Defendant, Jacek Kulesza, to refrain from careless and negligent conduct against others, including decedent, Sydni Murray.

37. The aforementioned duty included, but was not limited to Defendant, Jacek Kulesza's, duty to exercise reasonable care in the operation, maintenance, control, and driving of the vehicle he drove and which was involved in this collision.

38. Notwithstanding said duty, Defendant, Jacek Kulesza, committed one or more of the following careless and/or negligent acts and/or omissions thereby breaching his duties in one or more of the following respects:

   A. Carelessly and negligently operated said vehicle at a speed which was greater than reasonable and proper;

   B. Carelessly and negligently operated, maintained, and/or controlled the vehicle he was driving and which was involved in this incident;

   C. Carelessly and negligently operated, maintained, and/or controlled the vehicle he was driving and which was involved in this incident in a manner allowing it to skid uncontrollably;

   D. Carelessly and negligently operated, maintained, and/or controlled the vehicle he was driving and which was involved in this incident in a manner allowing it to strike the vehicle that Plaintiff's Decedent, Sydni Murray, was driving in;

   E. Carelessly and negligently failed to give audible warning with the horn of the vehicle he was driving and which was involved in this incident when such warning was reasonably necessary to ensure safety in violation of 625 ILCS 5/12-601;

   F. Carelessly and negligently operated the vehicle he was driving and which was involved in this incident at an unsafe speed;

   G. Carelessly and negligently failed to reduce the speed of the vehicle he was driving and which was involved in this incident so as to avoid a collision;

   H. Carelessly and negligently failed to adequately inspect, look over, maintenance, evaluate, repair and/or inquire about the condition of the vehicle he was driving and which was involved in this incident prior to allowing its use on a public thoroughfare;

   I. Carelessly and negligently failed to insure and/or verify that the vehicle he was driving and which was involved in this incident was free of defective conditions and/or was in a safe and fit condition for travel prior to and at the time of this incident;

   J. Carelessly and negligently operated a motor vehicle without keeping a proper and sufficient lookout;

   K. Carelessly and negligently operated said motor vehicle with brakes insufficient to stop and hold said motor vehicle so as to avoid a collision;

L. Carelessly and negligently failed to yield the right of way;

M. Carelessly and negligently failed to obey a traffic control device which required him to stop.

39. That as a direct and proximate result of one or more of the aforesaid negligent and/or careless acts or omissions by Defendant, Jacek Kulesza, passenger Sydni Murray was then and there fatally injured on or about July 16, 2016.

40. That as a further direct and proximate result of one or more of the aforesaid negligent and/or careless acts and/or omissions by Defendant, Jacek Kulesza, Plaintiff's Decedent, Sydni Murray's, next of kin have suffered general damages as well as great losses of a pecuniary and personal nature including loss of society and loss of companionship among other damages, subjecting Defendant, Jacek Kulesza, to liability pursuant to, among other things, the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 740 ILCS 180.1-2, commonly referred to as the Illinois Wrongful Death Act.

41. WHEREFORE, Plaintiff LaShawna-Lane Murray, as Independent Administrator of the Estate of Sydni Murray, deceased, prays for judgment against the Defendant, Jacek Kulesza, in a dollar amount in excess of this Court's jurisdictional limits and for such additional monies as the jury and the Court shall deem proper. Plaintiff further prays for all recoverable costs.

## COUNT VI

### SURVIVAL ACTION- JACEK KULESZA

42. Plaintiff, realleges Paragraphs 1 through 13 and 24 through 32 of her complaint as and for Paragraph 33 of this Count IV as though fully set forth herein.

43. That as a direct and proximate result of one or more of the aforesaid careless and/or negligent acts and/or omissions of Defendant, Jacek Kulesza, the Plaintiff-Decedent was caused to experience extreme and severe pain and physical and emotional suffering prior to his death, and the estate sustained medical expenses and/or hospital expenses, burial expenses and has been deprived of wage earnings to be generated by Sydni Murray. Additionally, Plaintiff's Decedent, Sydni Murray's, next of kin have suffered general damages as well as great losses of a pecuniary and personal nature including loss of society and loss of companionship among other damages.

WHEREFORE, Plaintiff LaShawna Lane-Murray, as Independent Administrator of the Estate of Sydni Murray, Deceased, prays for judgment against the Defendant, Jacek Kulesza, in a dollar amount in excess of this Court's jurisdictional limits and for such additional monies as the jury and the Court shall deem proper. Plaintiff further prays for all recoverable costs.

### COUNT VII
### DEFENDANT - USPS
### AGENCY/RESPONDENT SUPERIOR-NEGLIGENT ENTRUSTMENT

44. Plaintiff re-alleges Paragraphs 1 through 13 of the General Allegations of the Complaint as and for this paragraph and Count as though fully set forth herein.

45. That on or before July 16, 2016, at all relevant times to this litigation, the Defendant, USPS, was Defendant, Jacek Kulesza's, principal and he was Defendant, USPS's, agent.

46. That on or before July 16, 2016, at all relevant times to this litigation, the Defendant, USPS, was Defendant, Jacek Kulesza's, employer and he was Defendant, USPS's, employee.

47. That on or before July 16, 2016, at all relevant times to this litigation, the Defendant, USPS, entrusted the Defendant, Jacek Kulesza, with a mail delivery truck that it owned.

48. That Defendant USPS knew of should have known that the Defendant Jacek Kulesza was incompetent, inexperienced, or would operate the vehicle referenced above in an incompetent manner.

49. That as Defendant, USPS, is responsible for the negligent conduct of its employees, namely Defendant, Jacek Kulesza.

50. That as Defendant, USPS, is responsible for the negligent conduct of its employees, namely Defendant, Jacek Kulesza including his negligent conduct which caused the collision wherein Plaintiff's Decedent, Sydni Murray, was killed.

51. That as Defendant, USPS, is responsible for the negligent conduct of its agent, namely Defendant, Jacek Kulesza.

52. That as Defendant, USPS, is responsible for the negligent conduct of its agent, namely Defendant, Jacek Kulesza including his negligent conduct which caused the collision wherein Plaintiff's Decedent, Sydni Murray, was killed.

53. That at all times relevant hereto, Defendant, USPS owed Plaintiff's Decedent, Sydni Murray, and the general public a duty to exercise reasonable care in entrusting its motor vehicle only to persons who were competent to drive the same.

53. That at all times relevant hereto, Defendant, USPS owed Plaintiff's Decedent, Sydni Murray, and the general public a duty to exercise reasonable care so as to be free from careless and/or negligent acts through its agents and/or employees.

54. That the Defendant USPS, notwithstanding said duties, was guilty of one or more of the following wrongful acts:

    A. Carelessly and negligently entrusted the vehicle reference above to Defendant, Jacek Kulesza, when it knew or should have known that Defendant, Jacek Kulesza, was or was likely to operate said vehicle in a careless and/or negligent manner;

    B. Carelessly and negligently allowed Defendant, Jacek Kulesza, to operated its vehicle at a speed which was greater than reasonable and proper;

    C. Carelessly and negligently allowed Defendant, Jacek Kulesza, to operate, maintain, and/or control the vehicle he was driving and which was involved in this incident in a negligent manner;

    D. Carelessly and negligently allowed Defendant, Jacek Kulesza, to operate, maintain, and/or control the vehicle he was driving and which was involved in this incident in a manner allowing it to skid uncontrollably;

    E. Carelessly and negligently allowed Defendant, Jacek Kulesza, to operate, maintain, and/or control the vehicle he was driving and which was involved in this incident in a manner allowing it to strike the vehicle that Plaintiff's Decedent, Sydni Murray, was in;

    F. Carelessly and negligently allowed Defendant, Jacek Kulesza, to fail to give audible warning with the horn of the vehicle he was driving and which was involved in this incident when such warning was reasonably necessary to ensure safety in violation of 625 ILCS 5/12-601;

G. Carelessly and negligently allowed Defendant, Jacek Kulesza, to operate the vehicle he was driving and which was involved in this incident at an unsafe speed;

H. Carelessly and negligently allowed Defendant, Jacek Kulesza, to fail to reduce the speed of the vehicle he was driving and which was involved in this incident so as to avoid a collision;

I. Carelessly and negligently allowed Defendant, Jacek Kulesza, to operate a motor vehicle without keeping a proper and sufficient lookout;

J. Carelessly and negligently allowed Defendant, Jacek Kulesza, to fail to yield the right of way;

K. Carelessly and negligently allowed Defendant, Jacek Kulesza, to fail to obey a traffic control devise which required him to stop;

55. That on July 16, 2016, Plaintiff's Decedent, Sydni Murray, was killed when the vehicle that he was a passenger in was hit by the vehicle driven by Defendant, Jacek Kulesza.

56. That as a direct and proximate result of Defendant USPS', negligence, as referenced above, Plaintiff's Decedent, Sydni Murray, was then and there fatally injured on or about July 16, 2016.

57. That as a direct and proximate result of the negligence of Defendant, USPS' employee, Jacek Kulesza, Sydni Murray was fatally injured on or about July 16, 2016.

58. That as a direct and proximate result of the negligence of Defendant, USPS' agent, Jacek Kulesza, Sydni Murray was fatally injured on or about July 16, 2016.

59. That as a further direct and proximate result of one or more of the aforesaid negligent and/or careless acts by Defendant USPS, Plaintiff's Decedent, Sydni Murray's, next of kin have suffered general damages as well as great losses of a pecuniary and personal nature including loss of society and loss of companionship among other damages, subjecting Defendant, USPS, to liability pursuant to, among other things, the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 740 ILCS 180.1-2, commonly referred to as the Illinois Wrongful Death Act.

60. WHEREFORE, Plaintiff LaShawna-Lane Murray, as Independent Administrator of the Estate of Sydni Murray, deceased, prays for judgment against the Defendant, USPS, in a dollar amount in excess of this Court's jurisdictional limits and for such additional monies as the jury and the Court shall deem proper. Plaintiff further prays for all recoverable costs.

### COUNT VIII
### SURVIVAL ACTION- USPS

61. Plaintiff, realleges Paragraphs 1 through 13 and 44 through 60 of her complaint as and for Paragraph 33 of this Count IV as though fully set forth herein.

62. That as a direct and proximate result of one or more of the aforesaid careless and/or negligent acts and/or omissions of Defendant, USPS, the Plaintiff-Decedent was caused to experience extreme and severe pain and physical and emotional suffering prior to his death, and the estate sustained medical expenses and/or hospital expenses, burial expenses and has been deprived of wage earnings to be generated by Sydni Murray. Additionally, Plaintiff's Decedent, Sydni Murray's, next of kin have suffered general damages as well as great losses of a pecuniary and personal nature including loss of society and loss of companionship among other damages.

WHEREFORE, Plaintiff LaShawna Lane-Murray, as Independent Administrator of the Estate of Sydni Murray, Deceased, prays for judgment against the Defendant, USPS, in a dollar amount in excess of this Court's jurisdictional limits and for such additional monies as the jury and the Court shall deem proper. Plaintiff further prays for all recoverable costs.

Respectfully Submitted,

_____
CANNON D. LAMBERT, Sr., Esq.
Attorney Registration # 6237503

KARCHMAR & LAMBERT, P.C.
211 W. Wacker, Ste. 1400
Chicago, Illinois 60606
Phone:(312) 977-1300
Fax: (312) 977-1999
Cannon@KarchmarLambert.Com